**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| RAHEEM TAYLOR, | : | |
| | : | Civil Action No. 08-2308 (RBK) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| STATE OF NEW JERSEY, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

> RAHEEM TAYLOR, Petitioner pro se
> #687763C
> River Front State Prison
> P.O. Box 9104
> Camden, New Jersey 08101

**HAYDEN**, District Judge

This matter is before the court pursuant to a petition for a writ of habeas corpus under 28 U.S.C. § 2254, filed by petitioner Raheem Taylor ("Taylor"), on or about May 8, 2008. Petitioner submitted an application to proceed in forma pauperis, but he did not provide a certification from an authorized officer at the River Front State Prison certifying the amount presently on deposit in petitioner's institutional account, as required by Local Civil Rule 81.2(b). Taylor's affidavit of indigency otherwise avers that he has no funds or resources to pay the filing fees and costs of this action. For the reasons stated below, however, the petition will be dismissed without prejudice at this time for failure to exhaust state court remedies.

I.  <u>BACKGROUND</u>

According to the allegations contained in the petition, Taylor is a state prisoner sentenced pursuant to a state court judgment of conviction entered in the Superior Court of New Jersey, Burlington County, on or about March 9, 2007.  Taylor was convicted on one count of robbery and sentenced to five years in prison with an 85% parole disqualifier.  (Petition at ¶ 1).

Taylor complains that his public defender did not timely file an appeal with the Superior Court of New Jersey, Appellate Division, despite Taylor's requests for him to do so.  Taylor then attempted to file an appeal <u>nunc pro tunc</u>, but his appointed counsel filed an untimely appeal on his behalf that is apparently being considered on direct review.  Petitioner states that he has sent various letters to the public defenders telling them that he wishes to proceed <u>pro se</u> on his appeal because he is dissatisfied with their efforts, or as he contends, lack of effort, on appeal. Taylor complains that there is a backlog in state court appeals and that his appeal, as filed by counsel, will not be considered by the Appellate Division for nineteen months, the average time for disposition of appeals.  This would represent about one-third of Taylor's prison sentence.  (Petition at ¶¶ 3-15).

Taylor contends that he will suffer irreparable harm from the state court's normal delay in resolving his direct appeal. Therefore, he seeks conditional habeas relief of release on bail

pending resolution of his appeal, or an Order by this Court directing the state court to rule on Taylor's appeal within 60 days.

## II.   ANALYSIS

### A.   Pro Se Pleading

Taylor brings his habeas petition as a pro se litigant.  A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

### B.   Exhaustion Analysis

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ."[1]  28 U.S.C. § 2254(b)(1).  See

---

[1] Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886).  The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and was the subject of significant revisions

3

also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18.  Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  Rose, 455 U.S. at 519.

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings.  See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868

---

in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).

F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion.  Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).  This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition.  Picard, 404 U.S. at 275.  Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same.  Id. at 277.

Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies.  28 U.S.C. § 2254(c).

In the present case, the petition, on its face, shows that Taylor has failed to exhaust his state court remedies with respect to the challenged state court conviction.  Taylor admits that he recently filed a direct appeal from his March 2007 state

court conviction, which is still pending.  However, he contends that the state appeal process will be substantially delayed for about 19 months, which is one-third of his sentence, and that the appellate state court is indifferent to this long delay.

Nevertheless, as a matter of comity, it is best left to the New Jersey courts to determine Taylor's unexhausted claims pending on direct appeal.  There is simply no basis for this Court to interfere with the normal state court process of direct appellate review, especially where petitioner's has not demonstrated any serious or unlawful delay or impediment in the state court review process.  Nor has petitioner alleged any federal constitutional deprivation in his state court appeal process that would support federal court intervention in the pending state court procedures at issue.  Therefore, based on the allegations represented by Taylor in his petition, it is obvious that petitioner's claims for habeas relief in this instance have not been fully exhausted before the highest court in New Jersey, and that such claims are still pending final state direct review.  Accordingly, the Court is constrained to dismiss the entire petition, without prejudice, for failure to exhaust as required under 28 U.S.C. § 2254.  See Rose, 455 U.S. at 510.

## III.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be

taken from a final order in a proceeding under 28 U.S.C. § 2254.
A certificate of appealability may issue "only if the applicant
has made a substantial showing of the denial of a constitutional
right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this
standard by demonstrating that jurists of reason could disagree
with the district court's resolution of his constitutional claims
or that jurists could conclude the issues presented are adequate
to deserve encouragement to proceed further."  <u>Miller-El v.
Cockrell</u>, 1537 U.S. 322 (2003).  "When the district court denies
a habeas petition on procedural grounds without reaching the
prisoner's underlying constitutional claim, a COA should issue
when the prisoner shows, at least, that jurists of reason would
find it debatable whether the petition states a valid claim of
the denial of a constitutional right and that jurists of reason
would find it debatable whether the district court was correct in
its procedural ruling."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484
(2000).

Here, jurists of reason would not find the court's
procedural disposition of this case debatable.  Accordingly, no
certificate of appealability will issue.

## IV.  <u>CONCLUSION</u>

For the foregoing reasons, this court finds that Taylor has
failed to exhaust his available state court remedies or to allege
facts sufficient to excuse failure to exhaust.  The court

7

therefore will dismiss without prejudice the § 2254 habeas petition for failure to exhaust available state court remedies.

No certificate of appealability will issue, insofar as petitioner has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).


s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

DATED: May 19, 2008

8